Kirkpatrick, C. J.
— Delivered an opinion at some length against the plaintiffs. This opinion was delivered by the Chief Justice without notes; the reporter hath not thought the subject of importance enough, to request him to reduce it to writing, knowing that his official duties at the time required much labor.
Rossell, J. — Concurred.
Pennington J.
— The question for the determination of this court is, whether or not the record produced by the plaintiffs, proves the issue in this cause; whether the sentence or decree of an Orphans’ Court, can be declared on as a record, and nul tiel record plead thereto, is not brought in question, otherwise, the declaration should [*] have been demurred to. If the record produced is a judgment, sentence or decree of the Orphans’ Court of the county of Essex, regularly obtained in the course of judicial proceeding, for a sum certain, in favor of the plaintiff’s testator, and against the defendant, the issue is supported by the record. The record produced, proves that the plaintiff’s testator, Noah Clark, and the defendant John Clark, were joint executors of their father James Clark’s estate; that Samuel Meeker and wife, having an interest in the estate of .lames Clark, cited them *106 in the Orphans’ Court to account: that in the progress of this controversy, the accounts were referred to auditors, to re-state; that the auditors, among other things, stated a sum of money due from one co-executor to the other; that is, from the defendant to the plaintiff’s testator; and that this report of the auditors was confirmed by the court. It is important in the consideration of this cause, to keeji in mind, that the controversy in the Orphans’ Court, was not between the parties to this suit; but that it was between Meeker and wife, on the one side, and the executors of Janies Clark on the other; they were jointly defending themselves against Meeker and wife. The judgment if any, was in favor of Meeker and wife, against them jointly, and not in favor of one co-executor against the other. It is true, that in the re-stating the accounts of the executors with the estate, it is incidentally stated that a sum of money, some way [84] connected with the estate, was due from the defendant to his co-executor, the testator of the plaintiffs, and that this report of the auditors was confirmed by the court; But this cannot be considered as a judgment, sentence or decree of the court in favor of one executor against the other. It is a mere collateral fact, incidentally brought into the account, not between the parties in controversy, and about which there was no dispute. Supposing these auditors had stated that a sum of money, ivas due from J. S. to the estate of Janies Clark, and the court had confirmed the report, could the executors maintain an action against J. S. on a judgment [*] against him ? Most certainly they could not; nor with more propriety, can this action be supported. If this proceeding, as it respects the parties in this court, was not corarn nonjudice, it was at least res inter aMos nota, either of which is sufficient to take away its effect as a judgment in the issue now pending.
By the Court. — Judgment for the defendant.